**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CAROLE MURPHEY AND SMITH MURPHEY**            **PLAINTIFFS**

**V.**            **NO. 2:10CV227-P-S**

**PELLA WINDOWS AND DOORS, INC., ET AL.**            **DEFENDANTS**

**ORDER**

This matter is before the Court on the motion of the plaintiff [# 5] for clerk's entry of default. The court, after considering the motion, response and rebuttal, finds as follows:

The present case was removed by the defendants to this court on December 29, 2010. Through the defendants' admitted oversight, an answer was not filed until February 24, 2011, the same day the motion for clerk's entry of default was made. Although an entry of default was never entered, the defendants responded to the motion as both an objection to entry of default and as a motion to set aside entry of default. The defendants also explain that plaintiffs' counsel was aware of defendants' intent to file an answer.

Under Federal Rule of Civil Procedure 55(c), a clerk's entry of default may be set aside "for good cause shown." When determining whether good cause exists, the Court should examine (1) whether the default was willful, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992).

Having considered the foregoing and the record of this case, the court is of the opinion that the instant motion should be denied. First, defendants have presented adequate excuses for their failure to timely answer the complaint and, therefore, the failure to answer was not willful.

Second, although plaintiffs have offered a rebuttal to the response, it is clear that granting an entry of default will not greatly prejudice the plaintiff, but will rob the defendants of their right to a jury trial. Third, the court, having considered plaintiffs' motion, finds that the defendants have offered an adequate response to the complaint.

**THEREFORE, IT IS ORDERED** that the instant motion to for Clerk's Entry of Default [# 5] is hereby **DENIED**;

**THIS**, the 6th day of April, 2010.

**/s/ David A. Sanders**
**U. S. MAGISTRATE JUDGE**